**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN CHAVEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>            Defendants.<br>                                                              / | CASE NO. 1:05-CV-01459-AWI-DLB-P<br><br>ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIM<br><br>(Doc. 1) |

I.   Screening Order

   A.   Screening Requirement

Plaintiff Darius Sims ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 17, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.  Plaintiff's Claims

The events at issue in this action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff was incarcerated at the time. Plaintiff names the California Department of Corrections, D. Adams, J. Ahlin, P. Moerdyk, S. Wimer, M.J. Williams, J.Quinonez, J. Jimenez, R. Huff and G. Rico as defendants. Plaintiff is seeking monetary and declaratory relief.

In his complaint, plaintiff alleges that on November 16, 2002, he was attacked by his cell mate, defendant Rico, while in the day room. Plaintiff alleges that he and his cell mate had fought earlier in the day, a fact of which he had informed defendant Moerdyk and requested that either he or Rico be moved out of the cell. Plaintiff alleges that defendant Moerdyk was not receptive and told

plaintiff that he would see what he could do but in the meantime he needed to work things out with Rico. Plaintiff contends it was a short time later that day that he was attacked by his cell mate with a handmade weapon and he suffered life threatening cuts to his facial and throat area. Plaintiff alleges the attack was performed when defendant Wimer was not at his post and not watching the day room. Plaintiff alleges that defendants Williams and Quinonez were both building floor officers at the time of his attack but were not in the building during the attack.

   C. <u>Discussion</u>

   To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Id</u>.; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

   The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." <u>Farmer</u>, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. <u>Id</u>. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. <u>Id</u>. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. <u>Id</u>. at 835; <u>Frost</u>, 152 F.3d at 1128.

   Plaintiff's allegations are sufficient to state a claim for relief under section 1983 against defendant Moerdyk for violating the Eighth Amendment by failing to protect plaintiff after plaintiff

3

1 reported that his cell mate was a threat to him.

2 However, plaintiff fails to state a cognizable claim for relief against the remaining
3 defendants. Although the court is mindful that the federal system is one of notice pleading, Fed. R.
4 Civ. P. 8(a); Swierkiewicz., 534 U.S. at 512-15; Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 754;
5 Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002), plaintiff must allege
6 some facts supporting a claim that the named defendants "[knew] of and disregard[ed] an excessive
7 risk to [plaintiff's] . . . safety." Farmer, 511 U.S. at 837. Although plaintiff alleges that defendant
8 Wimer was the control officer for the day room on the day of his attack, it is not clear whether he
9 knew ahead of time that Rico planned to attack plaintiff or that he presented an excessive risk to
10 plaintiff's safety. With regard to defendants Williams and Quinonez, plaintiff admits that they were
11 not in the building at the time of the attack and plaintiff fails to link defendants Jimenez or Huff to
12 any specific conduct relating to the attack. Moreover, inmate Rico is not a proper defendant in this
13 section 1983 action as he is a private party. Generally, private parties are not acting under color of
14 state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Plaintiff has therefore failed
15 to state cognizable claims against these defendants.

16 Plaintiff alleges that defendants Adams and Ahlin are responsible for his attack based on their
17 supervisorial positions. However, under section 1983, liability may not be imposed on supervisory
18 personnel for the actions of their employees under a theory of respondeat superior. When the named
19 defendant holds a supervisorial position, the causal link between the defendant and the claimed
20 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th
21 Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).
22 To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some
23 facts indicating that the defendant either: personally participated in the alleged deprivation of
24 constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or
25 "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and
26 is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir.
27 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although
28 federal pleading standards are broad, some facts must be alleged to support claims under section

1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Finally, the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because the California Department of Corrections is a state agency, it is entitled to Eleventh Amendment immunity from suit.

       C.      Conclusion

The court finds that plaintiff's complaint states a cognizable claim against defendant Moerdyk but fails to state claims against the remaining defendants.  The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order or plaintiff may proceed only against defendant Moerdyk.

If plaintiff chooses to file an amended complaint, he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

1 plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk is directed to send to plaintiff a civil rights complaint form;

2. Within 30 days, plaintiff must either:

   a. File an amended complaint; or

   b. Advise the court that he wishes to proceed against defendant Moerdyk only; and

3. If plaintiff fails to respond to this Order, the court will recommend that this action be dismissed, with prejudice, for failure to obey the court's order.

IT IS SO ORDERED.

Dated:  September 22, 2006                    /s/ Dennis L. Beck
3c0hj8                                  UNITED STATES MAGISTRATE JUDGE