UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN CHAVEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>            Defendants.<br>                                                    / | CASE NO. 1:05-CV-01459-AWI-DLB-P<br><br>FINDINGS AND RECOMMENDATION RE DISMISSAL OF CERTAIN CLAIMS |

I.   Screening Order

   A.   Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 25, 2006, the Court issued a screening order finding that plaintiff's complaint stated a cognizable claim against defendant Moerdyk for violation of the Eighth Amendment but failed to state claims against the remaining defendants. The gave plaintiff the opportunity to either file an amended complaint or notify that he wished to proceed against defendant Moerdyk only. On November 6, 2006, plaintiff notified this Court that he wished to proceed against defendant Moerdyk only. Accordingly, the Court now recommends that the remaining claims and defendants be dismissed from this action.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
6  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
8  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
9  506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short
10 and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro.
11 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
12 and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a
13 complaint only if it is clear that no relief could be granted under any set of facts that could be proved
14 consistent with the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately
15 prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may
16 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
17 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
18 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
19 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
20 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a
21 plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal
22 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
23 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
24 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

25  B.  Plaintiff's Claims

26  The events at issue in this action allegedly occurred at the California Substance Abuse
27 Treatment Facility and State Prison-Corcoran, where plaintiff was incarcerated at the time.  Plaintiff
28 names the California Department of Corrections, D. Adams, J. Ahlin, P. Moerdyk, S. Wimer, M.J.

Williams, J. Quinonez, J. Jimenez, R. Huff and G. Rico as defendants. Plaintiff is seeking monetary and declaratory relief.

In his complaint, plaintiff alleges that on November 16, 2002, he was attacked by his cell mate, defendant Rico, while in the day room. Plaintiff alleges that he and his cell mate had fought earlier in the day, a fact of which he had informed defendant Moerdyk and requested that either he or Rico be moved out of the cell. Plaintiff alleges that defendant Moerdyk was not receptive and told plaintiff that he would see what he could do but in the meantime he needed to work things out with Rico. Plaintiff contends it was a short time later that day that he was attacked by his cell mate with a handmade weapon and he suffered life threatening cuts to his facial and throat area. Plaintiff alleges the attack was performed when defendant Wimer was not at his post and not watching the day room. Plaintiff alleges that defendants Williams and Quinonez were both building floor officers at the time of his attack but were not in the building during the attack.

C.     Discussion

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials

3

may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

Plaintiff's allegations are sufficient to state a claim for relief under section 1983 against defendant Moerdyk for violating the Eighth Amendment by failing to protect plaintiff after plaintiff reported that his cell mate was a threat to him.

However, plaintiff fails to state a cognizable claim for relief against the remaining defendants. Although the court is mindful that the federal system is one of notice pleading, Fed. R. Civ. P. 8(a); Swierkiewicz., 534 U.S. at 512-15; Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 754; Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002), plaintiff must allege some facts supporting a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] . . . safety." Farmer, 511 U.S. at 837. Although plaintiff alleges that defendant Wimer was the control officer for the day room on the day of his attack, it is not clear whether he knew ahead of time that Rico planned to attack plaintiff or that he presented an excessive risk to plaintiff's safety. With regard to defendants Williams and Quinonez, plaintiff admits that they were not in the building at the time of the attack and plaintiff fails to link defendants Jimenez or Huff to any specific conduct relating to the attack. Moreover, inmate Rico is not a proper defendant in this section 1983 action as he is a private party. Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Plaintiff has therefore failed to state cognizable claims against these defendants.

Plaintiff alleges that defendants Adams and Ahlin are responsible for his attack based on their supervisorial positions. However, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some

facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Finally, the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the California Department of Corrections is a state agency, it is entitled to Eleventh Amendment immunity from suit.

### C.   Conclusion

The Court finds that plaintiff's complaint states a cognizable claim against defendant Moerdyk but fails to state claims against the remaining defendants. The Court granted plaintiff the opportunity to file an amended complaint, however, plaintiff advised that wished to proceed against only against defendant Moerdyk. The Court therefore recommends that the remaining claims and defendants be dismissed from this action and the action proceed against defendant Moerdyk on plaintiff's Eighth Amendment failure to protect claim only.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20)

days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:    November 8, 2006**           **/s/ Dennis L. Beck**
3b142a                                              UNITED STATES MAGISTRATE JUDGE