IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN CHAVEZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MOERDYK,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-05-1459 LJO SMS P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT FROM ACTION |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed on August 17, 2005. On November 7, 2006, the court ordered plaintiff to provide information to facilitate service of process on defendant Moerdyk by filling out and submitting to the court a USM-285 form and a summons for defendant Moerdyk to be served. Plaintiff submitted the required documents on November 21, 2006, and on January 24, 2007, the court directed the United States Marshal to initiate service on defendant. The Marshal was unable to locate defendant Moerdyk, and the Marshal returned the USM-285 form to the court. On February 19, 2008, the court ordered plaintiff to show cause within thirty days why defendant Moerdyk should not be dismissed from this action. On March 24, 2008, plaintiff filed a response in which he did not provide further information to facilitate service but argued that the Office of the Attorney General is required to assist with service.

////

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the information provided by plaintiff for defendant Moerdyk is no longer accurate and the CDC Locator was not able to locate this defendant in their database. Plaintiff was provided with the opportunity to show cause why defendant Keller should not be dismissed from the action at this time, but was unable to provide further information to facilitate service.

Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), it is HEREBY RECOMMENDED that defendant Moerdyk be dismissed from this action, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 2, 2008**              **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE